UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SUSAN MULLER,

           Plaintiff,                                          <u>MEMORANDUM & ORDER</u>

  - against -                                                   13-cv-4689 (NG)(RML)

THE CITY OF NEW YORK, and DEPUTY
CHIEF ROBERTO COLON and CAPTAIN
STEVEN WARREN, in their official and
individual capacities,

           Defendants.
------------------------------------------------------------x
GERSHON, United States District Judge:

       Susan Muller, a Lieutenant of the New York City Fire Department, brings this action against the City of New York, Deputy Chief Roberto Colon, and Captain Steven Warren for violations of 42 U.S.C. § 1983 ("§ 1983"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e, *et seq.* against the City only, the New York State Executive Law, Human Rights Law, §§ 290, *et seq.*, and the New York City Human Rights Law, N.Y. Admin Code §§ 8-101, *et seq.* Plaintiff's claims are based upon allegations of quid pro quo sexual harassment, a sexually hostile work environment, and retaliation. Defendants, asserting that there are no genuine issues of material fact, have moved for summary judgment on all claims.

       In deciding a motion for summary judgment, the court is required to "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in [her] favor." *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010). The Second Circuit has repeatedly noted that "an extra measure of caution is merited in [granting] summary judgment in a discrimination action because direct evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence found in affidavits and

depositions." *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 603 (2d Cir. 2006); *accord Walsh v. New York City Hous. Auth.*, 828 F.3d 70, 74 (2d Cir. 2016). Nevertheless, "summary judgment remains available for the dismissal of discrimination claims in cases lacking genuine issues of material fact." *Schiano*, 445 F.3d at 603 (internal quotation marks omitted).

Having comprehensively reviewed the record in this case, and having viewed the evidence in the light most favorable to plaintiff, it is apparent that multiple issues of material fact remain and that defendants' motion must be denied in all respects but one.

On the issue of qualified immunity, defendants are correct that the right to be free from retaliation under the Equal Protection Clause was not clearly established until September 2015 when the Second Circuit decided *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 80–82 (2d Cir. 2015). There, the Second Circuit "acknowledge[d] that there has been considerable confusion surrounding the viability of retaliation claims under § 1983" and clarified "that retaliation claims" are actionable. *Id.* Therefore, § 1983 retaliation claims based on facts that pre-date September 2015 are entitled to qualified immunity. *See Oliver v. New York State Police*, 2020 WL 1989180, at *48 (N.D.N.Y. Apr. 27, 2020); *Moore v. Connecticut Dep't of Correction*, 2018 WL 1440169, at *3 (D. Conn. Mar. 22, 2018); *Anderson v. City of New York, Health & Hosp. Corp.*, 2017 WL 9538862, at *16 (S.D.N.Y. Jan. 19, 2017), *report and recommendation adopted*, 2017 WL 3251603 (S.D.N.Y. July 31, 2017); *Warburton v. John Jay Coll. of Criminal Justice of the City Univ. of New York*, 2016 WL 3748485, at *3–4 (S.D.N.Y. July 7, 2016), *aff'd sub nom*. *Warburton v. Hoffman*, 677 F. App'x 9 (2d Cir. 2017). Accordingly, the individual defendants are entitled to qualified immunity for acts that pre-date September 2015 with respect to plaintiff's § 1983 retaliation claims.

Although the defendants assert a defense based upon the statute of limitations, they appear to acknowledge that none of plaintiff's claims is dismissible in its entirety on such grounds. Prior to trial, the parties will be required to address the statute of limitations issue in more detail than they have done in their briefs, so that the jury may be properly charged as to which acts of defendants are actionable.

Finally, the parties should review their positions and seek a settlement conference before Magistrate Judge Robert M. Levy and, if settlement is not possible, prepare a joint pre-trial order under his direction. The parties should also agree on a schedule for any motions in limine.

SO ORDERED.

/s/
**NINA GERSHON**
**United States District Judge**

**July 10, 2020**
**Brooklyn, New York**